# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 22-1886; Analytical Grammar, Inc. v. Liebowitz Law Firm et al. |
| **Originating No. & Caption** | 5:19-cv-00249; Matthew Bradley v. Analytical Grammar, Inc. |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. §§ 1291; 1294 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | July 11, 2022 | |
| Date notice of appeal or petition for review filed | August 23, 2022 | |
| If cross appeal, date first appeal filed | August 10, 2022 | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ☉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-944-0217.) | | |
|---|---|---|
| Is settlement being discussed? | ☉ Yes | ○ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 22-1850 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This matter arises from a copyright dispute between Matthew Bradley and Analytical Grammar, Inc. ("Analytical Grammar").<br><br>Mr. Bradley, represented by Richard Liebowitz of Liebowitz Law Firm, PLLC, asserted claims of copyright infringement and removal of copyright management information against Analytical Grammar.  Analytical Grammar asserted counterclaims seeking a declaratory judgment that: (i) Mr. Bradley's alleged copyright was invalid and unenforceable; (ii) Analytical Grammar did not infringe Mr. Bradley's alleged copyright; and (iii) Analytical Grammar did not remove, alter, or falsify copyright management information of Mr. Bradley's alleged copyright.<br><br>During the course of the action, the District Court disqualified Richard Liebowitz from representing Mr. Bradley.<br><br>[continued in attached additional page] |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the District Court erred in denying in part Analytical Grammar's Motion for Attorneys' Fees, Costs and Expenses?<br><br>Whether the District Court abused its discretion in calculating the award of $84,809.72?<br><br>Whether the District Court erred in calculating the award of $84,809.72?<br><br>Whether the District Court erred in finding that it was unreasonable for Analytical Grammar's counsel to spend the time incurred to defend the subject claims?<br><br>Whether the District Court erred in imposing a 40% reduction of compensable time?<br><br>Whether the District Court erred in reducing the already-reduced total lodestar amount by 10%?<br><br>Whether the District Court erred in reducing Analytical Grammar's expert witness fees by 20%? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Richard Liebowitz<br><br>Attorney: Luke A. Dalton<br>Address: McAngus, Godelock & Courie, PLLC<br>P.O. Box 30516<br>Raleigh, NC 27622<br><br>E-mail: Luke.Dalton@mgclaw.com<br><br>Phone: 919-719-8200 | Adverse Party: Liebowitz Law Firm, PLLC<br><br>Attorney: Luke A. Dalton<br>Address: McAngus, Godelock & Courie, PLLC<br>P.O. Box 30516<br>Raleigh, NC 27622<br><br>E-mail: Luke.Dalton@mgclaw.com<br><br>Phone: 919-719-8200 |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Christopher M. Thomas      **Date:** September 7, 2022

**Counsel for:** Analytical Grammar, Inc.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

22-1886; Analytical Grammar, Inc. v. Liebowitz Law Firm et al.

The court granted summary judgment to Analytical Grammar on both of Mr. Bradley's claims and two of its three counterclaims and entered judgment. Analytical Grammar stipulated to the dismissal of its other counterclaim.

Analytical Grammar filed a Motion for Attorneys' Fees, Costs and Expenses pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority (the "Motion") against Richard Liebowitz and Liebowitz Law Firm, PLLC. The District Court entered: (1) an Order granting and denying in part the Motion; and (2) an Amended Judgment against Richard Liebowitz and Liebowitz Law Firm, PLLC.

Both Analytical Grammar and Richard Liebowitz and Liebowitz Law Firm, PLLC appealed the Order and Amended Judgment.